**UNITED STATES of America**

v.

**Joshua EILBERG.**

**Civ. A. No. 79–1623.**

United States District Court, · E. D. Pennsylvania.

March 31, 1982.

Peter F. Vaira, Jr., U. S. Atty., Gary Tilles, Asst. U. S. Atty., Philadelphia, Pa., for plaintiff.

Thomas C. Carroll, Carroll & Carroll, Philadelphia, Pa., for defendant.

### MEMORANDUM

LOUIS H. POLLAK, District Judge.

Count Three of the pending civil action brought by the United States against for-mer Congressman Eilberg seeks recovery for numerous telephone calls charged to his Congressional office account—calls which were allegedly unofficial but which were allegedly certified as "official" and hence paid for by the United States. Mr. Eilberg has moved for a protective order against responding to interrogatories and against being deposed.

The challenged interrogatories call upon Mr. Eilberg to answer questions regarding, *inter alia*, his policy directives to his "staff or other persons regarding their use for personal long distance calls of the telephone communications services provided by the House...;"[1] it seems to be understood that the proposed (but not yet noticed) deposition would cover the same ground. Mr. Eilberg grounds his motion for a protective order upon a claim of privilege under the Speech or Debate Clause.[2]

■ The Speech or Debate Clause protects senators and representatives from being questioned in court—or in any place other than the Houses of Congress—about their legislative acts. The clause's principal purpose is to prevent intimidation of legislators by the executive branch and foreclose accountability for legislative acts before a possibly hostile judiciary. *United States v. Johnson*, 383 U.S. 169, 181, 86 S.Ct. 749, 755, 15 L.Ed.2d 681 (1966). The Court's articulation of the clause's breadth and limits in *Gravel v. United States*, 408 U.S. 606, 625, 92 S.Ct. 2614, 2627, 33 L.Ed.2d 583 (1972), is instructive:

> Legislative acts are not all-encompassing. The heart of the clause is speech or debate in either House. Insofar as the clause is construed to reach other matters, they must be an integral part of the

1. The interrogatories also request, *inter alia*, detailed information about "personal unofficial" calls—such as, the caller, the date, and the numbers from and to which calls were made by Mr. Eilberg, his staff or others during the period from May, 1973 to January, 1978.

2. In the alternative, defendant requests that I defer decision on the plaintiff United States' entitlement to discovery until after the District Court for the District of Columbia has ruled on the motion to quash a subpoena served in this litigation by plaintiff upon the Honorable Edmund L. Henshaw, Jr., clerk of the United States House of Representatives. That motion was denied on October 19, 1981. *See United States v. Eilberg*, Civil Action No. 81–1693 (D.C.D.C.1981). Mr. Eilberg's request is, therefore, moot.

deliberative and communicative processes by which members participate in committee and House proceedings with respect to the consideration and passage or rejection of proposed legislation or with respect to other matters which the Constitution places within the jurisdiction of either House. As the Court of Appeals put it, the courts have extended the privilege to matters beyond pure speech or debate in either House, but only when necessary to prevent indirect impairment of such deliberations. (Citations omitted.)

The interrogatories challenged here cover factual ground which the Third Circuit has already had occasion to assess in deciding a Speech or Debate Clause claim advanced by Mr. Eilberg. In 1978, the Third Circuit decided an appeal by Mr. Eilberg from the denial by another judge in the Eastern District of Pennsylvania of a motion to quash a grand jury subpoena to the Clerk of the House of Representatives. *In Re Grand Jury Investigation, Etc.*, 587 F.2d 589, (3d Cir. 1978). The subpoena in that matter called for the production of records "reflecting telephone toll charges for calls from and charged to the office of Representative Joshua Eilberg for the years 1973 through and including March 2, 1978." *Id.* at 591. Thus, the discovery sought in that case was broader than that sought here insofar as it called for records reflecting *all* toll calls billed to Mr. Eilberg's congressional office phones. "[A]t least as to some telephone calls," the Court of Appeals declared, the subpoenaed documents in that matter recorded "the fact that a legislative act took place," *Id.* at 595. Such might be the case with respect to the record of a call between the defendant and another House member.[3] The Court of Appeals distinguished the rec-

ords of such calls from the records of "[p]ersonal or unofficial calls" which would, "necessarily," be contained in the same documents. This latter category, in the Court of Appeals' view, comprised calls "which by even the most generous reading of the Speech or Debate Clause are not protected." *Id.* at 595–6.

The questions put by plaintiff in the instant interrogatories seek information about that category of "personal or unofficial calls" which the Court of Appeals characterized as unprotected, and I can see no reason why that characterization should not control the outcome of this dispute.

■ It is true, as defendant points out, that the instant interrogatories and proposed deposition bring into play the *testimonial* aspect of the Speech or Debate Clause privilege, whereas both *In Re Grand Jury Investigation, supra*, and the earlier proceedings in the case at bar have involved the privilege's *use* immunity aspect. But that is a distinction which, in the case's present posture, makes no difference. Should defendant, in good faith, believe that any particular question in the interrogatories or any question put to him in the proposed deposition infringes his testimonial privilege by exposing him to "the harassment of hostile questioning," 587 F.2d at 597, then he may challenge that particular question by invoking the privilege. However, the general character of the interrogatory questions, and of the "like questions" which apparently are to be propounded at the proposed deposition, considered in light of applicable Third Circuit and Supreme Court case law, simply does not entitle defendant to the far more sweeping remedy— of refusing entirely to submit to questioning—for which he here contends.

*In Re Grand Jury Investigation, Etc., supra*, at 595. The Court of Appeals concluded that defendant was entitled under the Speech or Debate Clause to the exclusion from the evidence presented to the Grand Jury of the records of those calls which he could show were, in fact, legislative acts. *Id.* at 597.

---

**3.** We can envision circumstances in which the mere fact that a telephone call took place between the Congressman and another House member on a given date would be a vital evidentiary fact, even though the call concerned arranging for a pairing of votes so that both could absent themselves from the House on the date of a vote without affecting the outcome. We cannot imagine why the toll record of such a call should not be protected.

Accordingly, in an order accompanying this memorandum, defendant's motion for a protective order is DENIED.